**RECEIVED**

JAN 3 1 2008

JAN 31 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ALLEN BENNETT, (A-81422),

    Petitioner,

 

—vs—

 

DIRECTOR, ROGER E. WALKER JR.,
and WARDEN DONALD A. HULICK,

    Respondents.

1 of 2
Petitions

Case No. _____

08CV688
JUDGE LINDBERG
MAGISTRATE JUDGE DENLOW

---

### PETITION FOR WRIT OF HABEAS CORPUS
### (Immediate Release Claims From State Custody)

Petitioner, Allen Bennett, pro se, comes before this Honorable Court pursuant to 28 U.S.C. 2254 respectfully requests an immediate release from state custody after having served his lawful sentence that had legally expired and for violations of his constitutional rights relating to the revocation of his good time credit from his sentence.

Petitioner states that the statutorily two (2) years required Mandatory Supervised Release (MSR) attached to his sentence is custody and a liberty Interest that had been incorrectly calculated by the respondents against him.

And in addition, Petitioner received decisions relating to disciplinary sanctions that affects the length of his sentence that was in violations of his procedural due process rights and his rights under the equal protection of law.

#### STANDING FOR HABEAS CORPUS

Section 2254 requires that the Petitioner be in "custody". 28 U.S.C. 2254(a) See Maleng v. Cook, 490 U.S. 488. 490-91, 109 S.Ct. 1923, 104 L.Ed.2d. 540 (1989) (per curiam)

For instance, in Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373, 9 L.Ed.2d. 285 (1963), the Supreme Court held that a person free on parole was "in custody" of the parole board for the purpose of habeas corpus. His parole "involves significant restraints of petitioner's liberty", Id. at 242, 83 S.Ct. 373; see also Hensley v. Mun Court, 411 U.S. 345, 351-52, 93 S.Ct. 1571, 36 L. Ed.2d. 294 (1974) quoting from Cochran v. Buss, 381 F.3d. 632 640 (7th Cir. 2004)

In Preiser v. Rodriguez, 411 U.S. 487-89, 93 S.Ct. 1827, the Supreme Court established that actions for restoration of good time credits fall within the "core" of habeas corpus because they go directly to the constitutionality of the prisoner's confinement itself and seek either immediate release or a shortened length of confinement citing Walker v. O'Brien, 216 F.3d. 626 633 (7th Cir. 2000) quoted in Buss at 639.

## Due Process

A prisoner has a right under the constitution to receive procedural due process created by the State on the Due Process Clause relating to disciplinary proceeding to be protected from arbitrary actions by government interference with certain fundamental rights and liberty interest, Sandin v. Conner 515 U.S. 472, 115 S.Ct. 2293. 132 L.Ed.2d. 418 (1995) and Wolf v. McDonnell, 418 U.S. 539, 555-57, 94 S.Ct. 2963, 41 L.Ed.2d. 935 (1974). State law could also create a protected liberty interest. Board of Regents v. Roth, 408 U.S. 564, 576-77, 92 S.Ct. 2701, 33 L.Ed.2d. 548 (1972)

The Supreme Court also has decided that the due process guarantees more than fair process and "liberty" it protects including more than the absence of physical restraint and including heightened protection against government interference with certain fundamental rights and liberty interest. (See Washington v. Glucksberg, 521 U.S. 702, 117 S.Ct. 2258, 138

L.Ed.2d, 772 (1997)

## A.) FACTUAL ALLEGATIONS
### "MSR" Claim

1.) On October 15, 2002, Petitioner was sentenced by the Circuit Court of Cook County for a single count of Aggravated ~~Possession~~ Possession of a Stolen Motor Vehicle pursuant to 625 ILCS 514-103 2.(3) over $25000.00 with value being the aggravated factor of this non-violent offense. The offense is a Class one(1) felony that carries a statutory maximum term of no more than 15 years and a minimum of no more than 4 years under Illinois law. (See attached Exhibit A)

2.) Petitioner appeals of his conviction was timely before the state court and exhausted throughout the proceedings on state Appellate review.

3.) On October 4, 2006, Petitioner recieved a Notice by the respondents that despite the completion of his Day for Day Sentence, he still would be required to serve an additional (2) two years "MSR" that is ~~mandatory~~ apart of his sentence that also constitutes both Custody and a liberty Interest. (See Cochran v. Buss 381 F.3d. 637, 640 (7th Cir. 2004) People v. Russell, 280 Ill. Dec. 32, 801 N.E.2d, 977 (Ill. App. 1A. 2003) 730 ILCS 515-8-1(d))

4.) Petitioner does not contest that the "MSR" is mandatory under the law but the MSR is still "custody" under law and apart of his 15 years term which should had been calculated in that respect to his Day for Day earned good time Credit, otherwise the term and sentence would be 17 years which is beyond the statutory ~~also~~ allowable limits of a regular class one felony term in violation of his constitutional equal protection of law.

5) For instance, the Circuit Court of Cook County clearly sentenced Petitioner to serve a regular maximum allowable term of 15 years for the single class one felony count but did not disclosed in either the order or at the sentencing hearing that a (2) two years MSR would be a part of its sentencing. (See Exhibit A and B)

6.) In fact, the sentencing count stated the following:

The Court: "I think that the appropiate sentence is the maximum regular term sentence that you can get and that's 15 years (IDOC). And that is to be my sentence. Defendant (Petitioner) is sentence to 15 years (IDOC). (See Exhibit B)

7) Nevertheless, the calculation of this term for the Day for day sentence is left up to the respondents consistently with the Court's order and the law.

8.) However, the respondent has calculated Petitioner's day sentence of 15 years in half at 50% and added a (2) two years MSR which actually makes the sentence a 17 years term over the statutory allowable limits for a class one felony.

9.) The Illinois Supreme Court has decided that "MSR" is apart of a term that had effected a plead bargin negotiation which has denied the defendant in that case the "benefit of the bargain". People v.

Whtfield, 217 Ill.2d. 177, 298 Ill. Dec. 545, 840 N.E.2d. 658
(2005): see also People v. Parm, 303 Ill. Dec. 307, 851 N.E.2d.
205 (Ill. App. 1st Dist. 2006)

10.) Whitfield clearly inferred that "MSR" is a part of the term
of a sentence that affects the time "in custody" on the offense
making it apart of the term sentenced, thus "MSR" should be
calculated into the term and not consecutive to the term because this
sort of calculation by the respondents makes the Petitioner sentence to be
an unlawful 17 years which is beyond the statutory allowable limits of
the single class 1nc felony conviction he is under sentence. (See
People v. O'Toole, 174 Ill.App.3d, 800, 801, 124 Ill. Dec. 337, 529
N.E.2d. 54

11.) Thus, it is clear that the Circuit Court accurate
sentencing scheme for Petitioner ~~~~~~ has a regular
term concurrent to the "MSR" making the calculation of the
sentence a Day for Day custody of 13 years plus (2) two years
"MSR" which is actually a 15 years ~~~~~~ regular term of
his sentence.

12.) Therefore, Petitioner is entitled to immediate relief because part
of his term has expired on his sentence and that he should been
released to serve his term on "MSR". [1]


B.)    FACTUAL ALLEGATIONS
       Procedural Due Process Claim


[1] Petitioner "MSR" date with ~~~ proper calculation is 12-1-06 even with the
revocation of 9 months of his good time cred.t. He is entitled to immediate
release because part of his term has expired and only his MSR term is still
open.

Disciplinary Reports decided on 12-18-04

13.) On 12-18-04, Petitioner received sanctions by the respondents relating to disciplinary proceedings that further affected the length of his current Commitment in violation of his constitutional rights relating to disciplinary proceedings because prison officials failed to provide him with proper procedural due process by not providing him an adequate written record including a basis for disregarding exonerating evidence presented by him; arbitrary subjecting him to discipline that was not supported by "some evidence" of the chargable conduct in the written record; failing to state the disposition of the charges the disciplinary actions recommended, and the reasons for recommending the disciplinary actions; and failing to review all the Adjustment Committee's disposition recommending that he lose good-time credit. respectively in violations of 730 ILCS 5 13-5-1 et seq., and 20 Adm. Code 504.80 (i),(2)(b), (1)(c),(1),(3)(a) and (p).

14.) Petitioner states that the Disciplinary Report he received by Sgt. John Williamon on 12-15-04 and Officer Stephen Hall on 12-13-04 resulted in a revocation of 6 months of his good-time credit in violation of his due process rights.

15.) Specifically, the Disciplinary Report dated 12-13-04, by C/O Hall citing him for 104-Dangerous Contraband and 308-Contraband review by the Adjustment Committee failed to provide an adequate written record because the Committee did not determine whether the alleged item was either in violation of 104-Dangerous Contraband or 308-Contraband which is a lesser-included offense. (See Exhibits C and D)

16.) Petitioner also states that the Disciplinary Reports by Sgt. John Williamon on 12-15-04, does not state the offense of 206-Intimidation or Threats in the written record and that the sanctions were excessive

-C-

and supportions as to the penalties he would have received for the remaining rule violation. (See Exhibit C)

17.) Petitioner states that he did not received his procedural due process rights at his hearing on these disciplinary reports on 12-18-04.

## RELIEF

18.) For the foregoing reasons, Petitioner prays that this Honorable Court grants him the following:

A.) Immediate Release from custody to serve his "MSR" term.

B.) That he received day for day credit for time spent on this expired term towards his "MSR" term

C.) That the disciplinary reports dated 12-13-04, and 12-15-04 be expunged and restoration of his good time credit.

D.) Such other and additional relief this Honorable Court ~~Is also~~ deem just and proper.

Respectfully submitted

Allen Bennett -Petitioner

-7-

IN THE CIRCUIT COURT OF COOK COUNTY

E OF THE STATE OF ILLINOIS )    CASE NUMBER    00CR1581601
                    V.         )    DATE OF BIRTH  12/12/59
            BENNETT             )    DATE OF ARREST 06/13/00
                              IR NUMBER 0474723    SID NUMBER 018389580

### ORDER OF COMMITMENT AND SENTENCE TO
### ILLINOIS DEPARTMENT OF CORRECTIONS

e above named defendant having been adjudged guilty of the offense(s) enumerated belc
y sentenced to the Illinois Department of Corrections as follows:

| Statutory Citation | Offense | Sentence | Cla |
|---|---|---|---|
| 5-5/4-103.2(A)(3) | POSS STOLEN VEHICLE > $25,000 | YRS. 015  MOS.00 | 1 |

nd said sentence shall run concurrent with count(s) ___ ___ ___ ___

YRS. _____  MOS. _____  __

said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

YRS. _____  MOS. _____  __

said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

YRS. _____  MOS. _____  __

said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

YRS. _____  MOS. _____  __

said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

nt ___ defendant having been convicted of a class ___ offense is sentenced as
offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

unt ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

urt finds that the defendant is entitled to receive credit for time actually ser
or a total credit of 854_ days as of the date of this order

FURTHER ORDERED that the above sentence(s) be concurrent with
imposed in case number(s) _____
tive to the sentence imposed under case number(s) _____

FURTHER ORDERED THAT _____

ER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
into custody and deliver him... of Corrections and that the Department take
dy and confine him/her in a m... above sentence is fulfilled.

**ENTERED**

TIME_____ AM/PM

ENTER: 10/15/02

OCTOBER 15, 2002

OCT 15 2002

Judge Lawrence P. Fox

Exhibit B A

2 of 2

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

The JUNE, 2000 Grand Jury of the
Circuit Court of Cook County.

The Grand Jurors chosen, selected and sworn, in and for the
County of Cook, in the State of Illinois, in the name and by the
authority of the People of the State of Illinois, upon their oaths
present that on or about JANUARY 24, 2000 at and within the County of
Cook

ALLEN BENNETT

committed the offense of        AGGRAVATED POSSESSION OF A STOLEN MOTOR
                                VEHICLE

in that HE, NOT BEING ENTITLED TO THE POSSESSION OF A MOTOR VEHICLE,

TO WIT: A 1999 HONDA, THE PROPERTY OF AIRWAY IMPORTS DOING BUSINESS AS

AIRWAY HONDA, HAVING A VALUE OF TWENTY FIVE THOUSAND DOLLARS OR

GREATER POSSESSED SAID VEHICLE KNOWING IT TO HAVE BEEN STOLEN OR

CONVERTED,

IN VIOLATION OF CHAPTER 625 ACT 5 SECTION 4-103.2(a)(3)

OF THE ILLINOIS COMPILED STATUTES 1992, AS AMENDED AND,

contrary to the Statue and against the peace and dignity of the same
People of the State of Illinois.

Charge ID Code: 5712900

vol 8 - Report of Proceeding (02-3528

Appeal N[

1      STATE OF ILLINOIS    )
                            )    SS.
2      COUNTY OF C O O K    )

3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                  COUNTY DEPARTMENT - CRIMINAL DIVISION
4

       PEOPLE OF THE STATE    )
5      OF ILLINOIS,           )
                              )
6               Plaintiff,    )
                              )
7          vs.                )    No.   00 CR 15816
                              )
8      ALLEN BENNETT,         )    CHARGE:   PSMV        Exhibit-⑩
                              )
9               Defendant.    )                          ⑩ B
                                                         1 of 8
10

11                        SENTENCING HEARING

12              REPORT OF PROCEEDINGS had in the

13     above-entitled cause before the HONORABLE LAWRENCE P.

14     FOX, Judge of said court, on the 15th day of October,

15     2002.

16          PRESENT:
            HONORABLE RICHARD A. DEVINE,
17          STATE'S ATTORNEY OF COOK COUNTY, by:
            MS. JOAN PERNECKE,
18          ASSISTANT STATE'S ATTORNEY,
                 appeared on behalf of the People;
19
            MS. RITA A. FRY,
20          PUBLIC DEFENDER OF COOK COUNTY, by:
            MR. GORDON NASH,
21          ASSISTANT PUBLIC DEFENDER,
                 appeared on behalf of the Defendant.
22
       Faye A. Roberson
23     Official Court Reporter               SHARITA JENKINS
       Circuit Court of Cook County           FILED
24     County Department - Criminal Division

                                             JUL 1 7 2003
                        OO-1
                                             DOROTHY BROWN
              1100                            CLERK OF CIRCUIT COURT

Exhibit C

1   were supporting your kids.  But, hey, I believe maybe

2   you're out there trying to get a job.  You're blasting

3   people when you don't like what's going on.  I believe

4   that too.  And that's going to be your problem and

5   that's going to keep you going back to jail until you

6   learn to control your temper and your anger

7   management, until you stop using your size to

8   intimidate people and get physical with people.  Hey,

9   this doesn't lie (indicating).  These are all facts.

10  This is what you have been convicted of either by way

11  of plea or finding.  Domestic battery, domestic

12  battery, domestic assault on a pregnant woman.  I

13  don't care what she was doing.  I really don't care

14  what she was doing.  Unlawful use of a weapon, danger

15  right there.

16          However, all of these things considered, I

17  don't think an extended term sentence is necessarily

18  appropriate here.

19          Now, I would say that if I gave you 25, if I

20  give you 30 years, I don't think there is an appellate

21  court in this state that would say I was wrong and

22  that that was excessive, but I don't think that's

23  necessary.

24          I think that the appropriate sentence in this

1    case is the maximum regular term sentence that you can

2    get and that's 15 years Illinois Department of

3    Corrections.   And that's going to be my sentence.

4            Defendant sentenced to 15 years Illinois

5    Department of Corrections.

6            Do you have his credit figured out, Mr. Mash?

7    MR. NASH:  Yes, Judge.  Eight hundred and

8    fifty-four days.

9    THE COURT:  That's the time credit you are

10    agreeing to, right, Mr. Bennett?

11    THE DEFENDANT:  Yes.

12    THE COURT:  Eight hundred and fifty-four days

13    credit.

14            You have the right to appeal.  You also have

15    the right to make a motion to reduce your sentence.

16    In order to make -- You'd have to file a motion to he

17    reduce your sentence in the next 30 days in writing

18    stating the reasons why you feel your sentence should

19    be reduced.

20            Any issues not raised as far as the sentence

21    is concerned would be waived for purposes of appeal.

22    If you were to file a motion to reconsider the

23    sentence, you would then have 30 days from the date

24    that I ruled on that in which to file your written

*Exhibit C*

1   Notice of Appeal.

2           And if you don't file a motion to reduce your

3   sentence, you would then have 30 days from today's

4   date to file your written Notice of Appeal stating the

5   reasons why you feel an appeal would lie.

6           And if you're unable to afford an attorney or

7   a copy of the transcript in connection with either one

8   of those things, we would provide you with those free

9   of charge.  Do you understand those rights?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Do you have any questions?

12      THE DEFENDANT:  Yes, I would like to file a notice

13  of an appeal.

14      THE COURT:  Do you have one prepared?

15      MR. NASH:  Judge, I would ask to prepare a Notice

16  of Appeal.  I'd also ask that the --

17      THE COURT:  Well, if it's prepared, you can file

18  it.  If it's not prepared, it's not getting filed.

19  What, I'm supposed to give you permission to file a

20  Notice of Appeal.  If it's there, I'll let you file

21  it.

22      MR. NASH:  Judge, I'm going to ask the Court when

23  I present that Notice of Appeal to appoint the state

24  appellate defender on the case.

1      THE COURT:  Whatever.  Fine.  I don't have any

2  problem with that.  But again, you know, when you show

3  it me, I'll sign it.  Until then it's academic.  And

4  we have other cases and a court reporter who hasn't

5  had lunch and it's a quarter to four.  So unless

6  there's something else that we need to talk about

7  that's important, I'm ready to call the next case.

8      MR. NASH:  That's fine, Judge.  I'll present the

9  motion within 30 days.

10      THE COURT:  Whenever you do, I'll grant you leave

11  to file it and appoint the state appellate defender.

12      MR. NASH:  Thank you, Judge.

13      THE COURT:  Judgment is being entered on Count 1

14  only.  Judgment on Count 2 merges with judgment on

15  Count 1.

16                          (End of Proceedings.)

17

18

19

20

21

22

23

24

OO-148

1   STATE OF ILLINOIS   )
                        )  SS.
2   COUNTY OF C O O K   )

3       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
             COUNTY DEPARTMENT - CRIMINAL DIVISION

4

5

6           I, Faye A. Roberson, an Official Court

7   Reporter for the Circuit Court of Cook County, County

8   Department - Criminal Division, do hereby certify that

9   I reported in shorthand the proceedings had at the

10  hearing in the above-entitled cause; that I thereafter

11  caused the foregoing to be transcribed into

12  typewriting, which I hereby certify to be a true and

13  accurate transcript of the proceedings had before the

14  HONORABLE LAWRENCE P. FOX, Judge of said court.

15

16

17

18

19                      _____
20                          Official Court Reporter

21

22

23

24

OO-149

S-C-U - 01

ILLINOIS DEPARTMENT OF CORRECTIONS
# Single or Concurrent Determinate Sentences Under 1978 Law and Jail Credit
Lawrence Correctional Center

NAME  Allen Bennett    NUMBER  A81422    DATE _____

## (STEP 1)(A)
Yr. Mo. Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

## (Step 1)(B)
Yr. Mo. Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 day) |
| | | (Jail Credits) |

## (Step 1)(C)
Yr. Mo. Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

## (Step 1)(D)
Yr. Mo. Day

| | | |
|---|---|---|
| - | | (Rel on Bond, Etc.) |
| | | (Arrest Date) |
| | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

## (STEP 2)
Yr. Mo. Day

Exhibit B
1 of 4

| | | |
|---|---|---|
| + | | (Jail Credits-A) |
| + | | (Jail Credits-B) |
| + | | (Jail Credits-C) |
| + | | (Jail Credits-D) |
| | | (Total Jail Credits) |

## (Step 3)
Yr. Mo. Day

| | | |
|---|---|---|
| | 02-10 15 | (Old Custody/Sentence Date) |
| - | 2-4-14 | (Total Jail Credits) 8 54 |
| | 00 - 6 - 1 | (New Custody Date) |

## (STEP 4)(MITTIMUS NO. UUCR 1 5816)
PROJECTED OUT DATE
Yr. Mo. Date

| | | |
|---|---|---|
| | 00 - 6 - 1 | (New Custody Date) |
| + | 7 - 6 - 0 | (Sentence Less) GCC) |
| | 07 - 12 - 1 | (Projected Out Date) |
| + or - | | (Previous Time Lost/Awarded) |
| | 07 12 - 1 | (Adj. Proj. Out Date) |

## (Step 5)
MANDATORY OUT DATE
Yr. Mo. Day

| | | |
|---|---|---|
| | | (New Custody Date) |
| + | | (Sentence) |
| | | (Mandatory Out Date) |

---

Adj. Proj. Minimum  12 - 1 - 07
Mandatory Out Date _____
Calculated by _____

Terminal Operator _____
Date Entered _____

DC 1321 (Rev 10/96)
IL 426-00521

*NO 58*

*Exhibit B
2 of 4*

**SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT**

NAME_____NUMBER_____DATE_____

### (STEP 1) (A)

Yr. Mo. Day

|   |   |   |
|---|---|---|
| . | | (Rel. on Bond, Etc.) |
| . | | (Arrest Date) |
| . | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

### STEP 1) (B)

Yr. Mo. Day

|   |   |   |
|---|---|---|
| . | | (Rel. on Bond, Etc.) |
| . | | (Arrest Date) |
|   | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

### (STEP 1) (C)

Yr. Mo. Day

|   |   |   |
|---|---|---|
| . | | (Rel. on Bond, Etc.) |
| . | | (Arrest Date) |
|   | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

### (STEP 1) (D)

Yr. Mo. Day

|   |   |   |
|---|---|---|
| . | | (Rel. on Bond, Etc.) |
| . | | (Arrest Date) |
|   | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
|   |   | (Jail Credits) |

### (STEP 2)

Yr. Mo. Day

|   |   |   |
|---|---|---|
| + | | (Jail Credits-A) |
| + | | (Jail Credits-B) |
| + | | (Jail Credits-C) |
| + | | (Jail Credits-D) |
|   |   | (Total Jail Credits) |

### (STEP 3)

Yr. Mo. Day

|   |   |   |
|---|---|---|
|   | | (Old Custody/ Sentence Date) |
| - | | (Total Jail Credits) |
|   |   | (New Custody Date) |

### (STEP 4) MITTIMUS NO._____)

PROJECTED OUT DATE

Yr. Mo. Day

|   |   |   |
|---|---|---|
|   | | (New Custody Date) |
| + | | (Sentence Less) GCC) |
|   | | (Projected Out Date) |
| + or - | | (Previous Time Lost/Awarded) |
|   |   | (Adj.Proj.Out Date) |

### (STEP 5)

MANDATORY OUT DATE

Yr. Mo. Day

|   |   |   |
|---|---|---|
|   | | (New Custody Date) |
| + | | (Sentence) |
|   |   | (Mandatory OutDate) |

Adj. Proj. Out Date_____   Terminal Operator _____
Mandatory Out Date_____   Date Entered_____
Calculated By_____

DC 1321 (Rev 10/96 )
IL 426-00521

J AU L Y

SENTENCE CALCULATION WORK SHEET

REVOCATION OF GOOD CONDUCT CREDITS WHEN SENTENCE IS DETERMINATE
UNDER 1978 LAW

NAME Allen Bennett    NUMBER A 81421    DATE 4/20/05

(STEP 1)

Yr. Mo. Day (2 memos) (3 mo + 3 mo)

0 - 6 - 0    (Good Conduct Credits Revoked From
_____  Sentence By Director On 4/6/05 )

(STEP 2) (MITTIMUS NUMBER DC2150160 )

PROJECTED OUT DATE

Yr. Mo. Day

```
  00 - 6 - 1    (Custody Date)
+  5 - 6 - 0    (Sentence Less G.C.C.)
  07 - 12 - 1   (Projected Out Date or
                 PRB Projected Out Date)
+or- _____    (Previous Time - Lost/Awarded)
  07 - 12 - 1   (Projected Out Date)
+  00 - 6 - 0   (Present Revocation)
  08 - 6 - 1    (Adjusted Projected Out Date)
```

(STEP 3)

MANDATORY OUT DATE

Yr. Mo. Day

```
   _____     (Custody Date)
+  _____     (Sentence)
   _____     (Mandatory Out Date or
                PRB Mandatory Out Date)
```

Adj. Proj. Out Date _____    
Mandatory Out Date  6-1=08    Terminal Operator _____
Calculated By _____    Date Entered _____

Exhibit B
4 of 4

DC 1128
R 43-0515

ILLINOIS DEPARTMENT OF CORRECTIONS
HEARING OF ADMINISTRATIVE REVIEW BOARD
VIDEO CONFERENCE

*DATE OF HEARING*: February 18, 2005

*INSTITUTION*: Lawrence Correctional Center, Lawrenceville, Illinois

*GRIEVANT NAME*: Allen Bennett, Register No. A81422

*BOARD MEMBERS PRESENT*: Sherry Benton, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Lawrence Correctional Center administration.

Nature of Grievance: Inmate Bennett is grieving two disciplinary reports dated December 13, 2004 and December 15, 2004 received at Danville Correctional Center.

Findings: The disciplinary report of December 13, 2004 regarding an incident which occurred on December 13, 2004 at 6:54 PM, was written by C/O Hall charging violation of DR504: 104-Dangerous Contraband and 308-Contraband / Unauthorized Property. Inmate is charged with the following: On the above date and approximate time Officer Hall conducted a search for contraband in Housing Unit R3 B-Wing Cell #60 and discovered one (1) silver in color flexible metal slat approximately six (6) inches in length and approximately one half inch in width, having holes in the center along the length of the slat and having been broken or torn at one end. The item was discovered in the assigned property box of Inmate Bennett, A81422 (identified by Inmate Institutional I.D. card). The item was confiscated and placed in major contraband for safekeeping. The disciplinary report was served on December 14, 2004 at 4:38 AM.

Inmate Bennett was placed in temporary confinement on December 13, 2004.

The Adjustment Committee Hearing (200406093/1-DAN) was conducted at Danville Correctional Center on December 18, 2004 at 9:10 AM. The Adjustment Committee found the Grievant guilty of 104 and 308. The recommended disciplinary action was: 6 months C-grade, 6 months segregation, 6 months revocation of Good Conduct Credits, loss of commissary 6 months, loss of segregation yard 6 months and a transfer. CAO concurred on December 21, 2004. This revocation is currently pending review by the Prisoner Review Board.

Findings: The disciplinary report of December 15, 2004 regarding an incident which occurred on December 15, 2004 at 10:40 AM, was written by Sgt. Willaman charging violation of DR504: 601-Aiding and Abetting, Attempt, Solicitation, or Conspiracy to 105-Dangerous Disturbances, 206-Intimidation or Threats and 304-Insolence. Inmate is charged with the following: On the above date and approximate time, I Sgt. Willaman was picking up seg trays. I/M Bennett (A-81422) started complaining about the seg workers that there are no Black one's and that most of the seg I/M are Black. I continued to pick up the trays. I/M Bennett then started yelling to the other I/M's on the deck about no Black seg workers. I then went back to Bennett's cell and started to tell him that we aren't going to come to seg and start racial problems. Bennett replied fuck you, I'll do more than that, I'll make you do your job, now get the fuck off of my door, you white mother fucker, fuck you. I then proceeded to finish collecting the trays and I/M Bennett started yelling to all the other I/M's on the deck that they needed to complain about no Black workers, at this time other I/M's started yelling about no Black seg porters. The disciplinary report was served on December 15, 2004 at 8:30 PM.

The Adjustment Committee Hearing (200406093/1-DAN) was conducted at Danville Correctional Center on December 18, 2004 at 9:20 AM. The Adjustment Committee found the Grievant guilty of 601,105, 304 and 206. The recommended disciplinary action was: 3 months C-grade, 3 months segregation, 3 months revocation of Good Conduct Credits, loss of commissary 3 months and loss of segregation yard 3 months. CAO concurred on December 21, 2004. This revocation is currently pending review by the Prisoner Review Board. Additionally, prior to review by this office, the charge of 601.105 was deleted.

This office reviewed shakedown slips and incident reports relative to these issues.

Inmate's statement: It wasn't mine. Inmates saw this same property turned in to Lieutenant West. It looked like it came off of an Inmate's transcripts (binder clip). I never saw it. I was having problems with my cellmate. The whole joint knew it wasn't me with that 104 charge and now I'm paying for it. As for the other ticket, there are five workers in seg, and they're all white. I was trying to get stuff done like getting request slips, etc. The White seg Inmates got favors and all I did was bring the issue up to the Sergeant.

Page 1 of 4

Lawrence Video Conference 2/18/05
Offender Bennett A81422
Page Two

Recommendations: Based on a review of all information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, the Board is reasonably certain the Grievant committed the offense, and therefore recommends the grievance be denied. However, with regards to the December 13, 2004 disciplinary report (200406065/1-DAN), this office recommends the charge of 308 be deleted, as it is a lesser-included offense of 104.

FOR THE BOARD: _Sherry Benton_

Sherry Benton
Administrative Review Board Chairperson
Office of Inmate Issues

I concur. Warden Garnett is to delete the charge of 308 from the 12/13/04 report (200406065/1-DAN), as it is a lesser-included offense.

_Roger E. Walker, Jr._    February 22, 2005

Roger E. Walker, Jr.
Director

cc:    Warden Jason Garnett, Lawrence Correctional Center
       Allen Bennett, Register No. A81422

Petitioner's

Exhibit

C

Page 2 of 3

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| Name: BENNETT, ALLEN | IDOC Number: A81422 | | Race: BLK |
| earing Date/Time: 12/18/04  09:10 AM | Living Unit: LAW-S-AU-11 | | Orientation Status: N/A |
| Incident Number: 200406065/2 - DAN | Status: Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 2/13/04 | 200406065/1-DAN | HALL, STEPHEN R | R3B | 06:54 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 104 | Dangerous Contraband<br>*Comments:6 INCH METAL SLAT 1 INCH WIDE* | Guilty |
| 308 | Contraband/Unauthorized Property | Deleted |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**ECORD OF PROCEEDINGS**

'ER ARB THE CHARGE OF 308-CONTRABAND/UNAUTHORIZED PROPERTY IS BEING DELETED.

OR READ; OFFENDER PLEAD NOT GUILTY STATING THAT A BUNCH OF METAL WAS FOUND A WEEK EARLIER
N THE WASTE BASKET IN THE WASHROOM OF R3 AND THAT IT WAS THEN TURNED OVER TO THE ZONE LT.(
T. WEST ). OFFENDER FURTHER STATED  THE PERSONAL PROPERTY BOXES WERE HIS AND ASSIGNED TO
IIM THAT HE KNEW THE SAME METAL/ OR SIMILAR METAL WAS FOUND IN HIS PROPERTY, " SOMEONE PLACED
 THERE ".

**ASIS FOR DECISION**

ER ARB THE CHARGE OF 308-CONTRABAND/UNAUTHORIZED PROPERTY IS BEING DELETED.

ASED ON THE WRITTEN REPORT OF THE EMPLOYEE THAT A  SILVER IN COLOR FLEXIBLE METAL SLAT,
PPROX. SIX (6) INCHES IN LENGTH AND APPROX. ONE HALF INCH IN WIDTH  HAVING HOLES IN THE CENTER
LONG THE LENGTH OF THE SLAT AND THAT THE SLAT WAS TORN AT ONE END WAS FOUND IN THE
FFENDER'S PROPERTY BOX DURING A CELL SHAKEDOWN. BASED ON THE OFFENDER OWN ADMISSION THAT
E KNEW THE METAL WAS IN HIS PERSONAL PROPERTY BOX WHERE THE OFFICER CONFISCATED IT. BASED
N WRITTEN REPORT THAT THE ITEM WAS CONFISCATED FROM THE OFFENDERS OWN ASSIGNED PERSONAL
ROPERTY BOX.

**ISCIPLINARY ACTION** *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| Months C Grade | 6 Months C Grade |
| Months Segregation | 6 Months Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| Months Commissary Restriction | 6 Months Commissary Restriction |
| Months Segregation Yard Restriction | 6 Months Segregation Yard Restriction |

## Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| LAKER, DAVID E  - Chair Person | D. Laker | 4-18-05 | WHI |
| | Signature / Date | | Race |
| ORINGTON, BONITA R | BO | 4-18-05 | BLK |
| | Signature / Date | | Race |

Recommended Action Approved

nal Comments: N/A

Date: 4/19/05 07:08:21

Exhibit N

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Name: BENNETT, ALLEN

Hearing Date/Time: 12/18/04  09:10 AM

Incident Number: 200406065/2 - DAN

IDOC Number: A81422

Living Unit: LAW-S-AU-11

Status: Final

Race: BLK

Orientation Status: N/A

_____

JOHN CHAMBERS / RW  4/18/05

Chief Administrative Officer

Signature                          Date

e committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person

RAY #10746

When Served -- Date and Time

4-22-05    1000 PM

Exhibit No. 8

Run Date: 4/19/05 07:08:21

Page 2 of 2

to provide a specimen within two hours after the request; or destroying or tampering with drug or alcohol tests or testing equipment. This offense includes medication misuse, for example, the possession or use of unauthorized amounts of prescribed medication, or selling or supplying prescribed medication to others.

| 204. | **FORGERY** | 4 months | 4 months | 4 months | 4 months |

Definition: Forging, counterfeiting or reproducing without authorization any document, article of identification, money, security or official paper.

| 205. | **GANG OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY** | 1 year | 1 year | 1 year | 1 year |

Definition: Engaging, pressuring, or authorizing others to engage in gang or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing, or using gang or unauthorized organizational insignia or materials; or giving gang or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization which has not been approved pursuant to 20 Ill. Adm. Code 445 or 450.

| 206. | **INTIMIDATION OR THREATS** | 6 months | 6 months | 6 months | 6 months |

Definition: Expressing by words, actions or other behavior and intent to injure any person or property which creates the reasonable belief that physical, monetary, or economic harm to that person or to another will result.

| 207. | **POSSESSION OF MONEY** | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing or causing to be brought into the institution, any coin, currency, or other negotiable instrument.

| 208. | **DANGEROUS COMMUNICATIONS** | 6 months | 6 months | 6 months | 6 months |

Definition: Engaging in verbal or written communication that is likely to encourage violence against persons or that is likely to disrupt or endanger the safety and security of the facility, including but not limited to escape plans and manufacture of weapons.

| 209. | **DANGEROUS WRITTEN MATERIAL** | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing or causing to be brought into the facility written material which presents a serious threat to the safety and security of persons or the facility, including but limited to written material relating to methods of escape and the manufacture of weapons.

| 210. | **IMPAIRMENT OF SURVEILLANCE** | 6 months | 6 months | 6 months | 6 months |

Definition: Using curtains, cell coverings, or any other matter or object in a manner that obstructs or otherwise impairs the line of vision into a committed person's cell or which obstructs or otherwise impairs any viewing panel or surveillance equipment, both audio and visual, within the facility.

| 211. | **POSSESSION OR SOLICITATION OF UNAUTHORIZED PERSONAL INFORMATION** | 6 months | 6 months | 6 months | 6 months |

Definition: Possessing or soliciting unauthorized personal information regarding another offender, releasee, employee, or former employee, including, but not limited to, personnel files, master files, medical or mental health records, photographs, social security numbers, home addresses, financial information, or telephone numbers except as authorized by a court order or as approved in writing by the Chief Administrative Officer.

29

| | | | | | |
|---|---|---|---|---|---|
| 212. | **FRIVOLOUS LAWSUIT** | 0 | 0 | 6 months | 0 |

Definition: A pleading, motion, or other paper filed by the offender for which the court, in Accordance with 730 ILCS 5/3-6-3, has found to be frivolous.

| | | | | | |
|---|---|---|---|---|---|
| 213. | **FAILURE TO REVEAL** | 6 months | 6 months | 6 months | 6 months |

Definition: For adult offenders and juvenile offenders tried as adults, failing to fully cooperate in revealing financial assets on the form provided, including tangible and intangible property and real and personal property; providing false or inaccurate information regarding financial assets or dependants on the forms provided; or refusing to cooperate in revealing financial assets on the form provided.

| | | | | | |
|---|---|---|---|---|---|
| 301. | **FIGHTING** | 1 month | 1 month | 1 month | 1 month |

Definition: Fighting with another person, which is not likely to cause serious bodily injury to one or the other and which does not involve the use of a weapon.

| | | | | | |
|---|---|---|---|---|---|
| 302. | **GAMBLING** | 2 months | 2 months | 1 month | 1 month |

Definition: Operating or playing a game of chance or skill for anything of value, making a bet upon the outcome of any event, or possessing any gambling device. This shall include participating in any lottery.

| | | | | | |
|---|---|---|---|---|---|
| 303. | **GIVING FALSE INFORMATION TO AN EMPLOYEE** | 3 months | 3 months | 3 months | 3 months |

Definition: Lying or knowingly providing false information to an employee.

| | | | | | |
|---|---|---|---|---|---|
| 304. | **INSOLENCE** | 3 months | 3 months | 1 month | 1 month |

Definition: Talking, touching, gesturing, or other behavior which harasses, annoys, or shows disrespect.

| | | | | | |
|---|---|---|---|---|---|
| 305. | **THEFT** | 6 months | 6 months | 3 months | 3 months |

Definition: Taking property belonging to another person or entity or the institution without the owner's authorization.

| | | | | | |
|---|---|---|---|---|---|
| 306. | **TRANSFER OF FUNDS** | 3 months | 3 months | 3 months | 3 months |

Definition: Causing money to be transferred from one trust fund to another or through an outside source to the account of another committed person or entering into contracts or credit agreements without approval from the Chief Administrative Officer.

| | | | | | |
|---|---|---|---|---|---|
| 307. | **UNAUTHORIZED MOVEMENT** | 2 months | 2 months | 2 months | 2 months |

Definition: Being anywhere without authorization, or being absent from where required to be.

| | | | | | |
|---|---|---|---|---|---|
| 308. | **CONTRABAND/ UNAUTHORIZED PROPERTY** | 3 months | 3 months | 3 months | 3 months |

Definition: Possessing, giving, loaning, receiving or using property which a committed person has no authorization to have or to receive and which was not issued to him through regular procedures, including the unauthorized possession of food or clothing or the possession of property in excess of that which is authorized by the institution; or property which has been altered from its original state.

| | | | | | |
|---|---|---|---|---|---|
| 309. | **PETITIONS, POSTINGS, AND BUSINESS VENTURES** | 6 months | 6 months | 3 months | 3 months |

Definition: Writing, signing, or circulating a petition without authorization; unauthorized distributing or

Exhibit E

# AFFIDAVIT OF SERVICE

I, _____Alko Bennett_____, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party (ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at __Menard_____Correctional Center, _Menard____ Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid thereon, on this __30th___day of___January_____, 20 _08_ .

_____
Signature

# VERIFICATION

I, _____Alko Bennett_____, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents; and

3. **Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.**

_____
(Your signature)

IN THE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ALLEN BENNETT, (A-81422),
        Petitioner,

1 of 2

— vs —

Case No. _____

DIRECTOR ROGER E. WALKER
JR., and WARDEN DONALD A.
HULICK,
        Respondents,

PROOF/CERTIFICATE OF SERVICE

TO: Clerk
    United States District Court          Office of the Solicitor General
    Northern District of Illinois         100 West Randolph Street
    219 South Dearborn Street             12th Floor
    Chicago, Illinois 60604               Chicago, Illinois 60601

PLEASE TAKE NOTICE that on ___Janury 24___, 2008, I shall have
filed with the U.S. Mail through the Menard Correctional Center the following
documents, properly addressed to the parties above: Two (2) Motion for Leave
to File and (2) two Petitions for Writ of Habeas Corpus (Immediate Release
Claims) In HANDWRITTEN FORM (State Prisoner) along with supporting documents.

I further declare, under the penalty of perjury, that I am the Petitioner
in the above action, that I have read the above documents and that the
information contained therein is true and correct, 28 USC 1746 and
18 USC 1621.

                        (S) ___Allen B.___
                            Allen Bennett, Petitioner
                            ID#: A-81422
                            Menard Correctional Center
                            P.O. Box 711
                            Menard, Illinois 62259